UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| VALASSIS COMMUNICATIONS, INC.,<br><br>                    Plaintiff,<br>     v.<br><br>NEWS CORPORATION; NEWS AMERICA MARKETING, a/k/a NEWS AMERICA, INC., a/k/a NEWS AMERICA MARKETING GROUP; NEWS AMERICA MARKETING FSI, LLC, a/k/a NEWS AMERICA MARKETING FSI, INC.; and NEWS AMERICA MARKETING IN-STORE SERVICES, LLC a/k/a NEWS AMERICA MARKETING IN-STORE SERVICES, INC.,<br><br>                    Defendants. | Case No. 2:13-cv-14654<br><br>HON. ARTHUR J. TARNOW |

**PLAINTIFF'S ANSWER TO**
**DEFENDANTS' AMENDED COUNTERCLAIM**

Plaintiff Valassis Communications, Inc. ("Valassis"), by and through its counsel, Holwell Shuster & Goldberg LLP, as and for its Answer to Defendants' Amended Counterclaim ("Counterclaim"), alleges as follows.

1.   It is admitted that Valassis settled certain claims in 2010 and that Defendants ("NAM") paid $500 million in connection with that settlement.

Valassis respectfully refers the Court to the Parties' settlement agreement, which speaks for itself.

2.   The first sentence is denied, and Valassis respectfully refers to the Parties' settlement agreement, which speaks for itself.  Valassis admits that it commenced this case in 2013, which is less than four years after the settlement agreement.

3.   Valassis lacks information to form a belief as to Defendants' state of mind.  To the extent paragraph 3 characterizes Plaintiff's complaint, Valassis respectfully refers to the complaint.  Valassis otherwise denies the allegations of paragraph 3.

4.   Denied.

5.   Valassis lacks information to form a belief as to the reason why Defendants filed the Counterclaim.

6.   Admitted.

7.   Admitted, upon information and belief, that this is accurate.

8.   Admitted, upon information and belief, that this is accurate.

9.   Paragraph 9 of the Counterclaim contains legal conclusions to which Valassis need not respond.

10. Paragraph 10 of the Counterclaim contains legal conclusions to which Valassis need not respond.

11. It is admitted that, on or about February 4, 2010, Valassis and NAM entered into a settlement agreement, the text of which speaks for itself.

12. The first sentence is admitted. The complaint in *Valassis I* speaks for itself.

13. Admitted.

14. To the extent paragraph 14 characterizes Plaintiff's complaint, Valassis respectfully refers to the complaint. Valassis admits that it filed the complaint in this Action in the Eastern District of Michigan less than four years after the Parties' settlement.

15. Valassis' filing referenced by NAM in paragraph 15 speaks for itself.

16. Valassis' filing referenced by NAM in paragraph 16 speaks for itself.

17. Valassis' filing referenced by NAM in paragraph 17 speaks for itself.

18. Paragraph 18 of the Counterclaim contains legal conclusions to which Valassis need not respond. Paragraph 18 is otherwise denied.

19. Denied.

20. Denied.

21. To the extent paragraph 21 characterizes Plaintiff's complaint, Valassis respectfully refers to the complaint. Paragraph 21 is otherwise denied.

22. Paragraph 22 of the Counterclaim contains legal conclusions to which Valassis need not respond.

23. Paragraph 23 of the Counterclaim contains legal conclusions to which Valassis need not respond. To the extent any response to this allegation is necessary, Valassis denies it.

24. The referenced contract speaks for itself, and Valassis respectfully refers to the referenced document for its true content. As to the second sentence, Valassis cannot speak to NAM's ability.

25. The referenced contract speaks for itself, and Valassis respectfully refers to the referenced document for its true content. As to the second sentence, Valassis cannot speak to NAM's ability.

26. The referenced contracts speak for themselves, and Valassis respectfully refers to the referenced documents for their true content. As to the last sentence, Valassis cannot speak to NAM's ability.

27. The first sentence of this paragraph purports to summarize certain paragraphs of Valassis' complaint, which speak for themselves, and Valassis respectfully refers to the cited paragraphs for their true content. The second

sentence of this paragraph purports to characterize certain of Valassis' contracts, which speak for themselves, and Valassis respectfully refers to those documents for their true content.  Valassis denies the remaining sentences of paragraph 27.

28. Denied.

29. Valassis respectfully refers to the complaint for its true content.

30. Denied.

31. Valassis lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 31 of the Counterclaim.

32. It is admitted that Valassis signed a contract with A&P, the terms of which speak for themselves; Valassis lacks sufficient information to admit or deny the causal connection alleged in this paragraph.

33. Valassis lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 33 of the Counterclaim.

34. Valassis lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 34 of the Counterclaim.

35. It is admitted that Valassis signed a contract with Rite Aid, the terms of which speak for themselves; Valassis lacks sufficient information to admit or deny the causal connection alleged in this paragraph.

36. Valassis lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 36 of the Counterclaim.

37. Valassis admits that Valassis signed a contract with Family Dollar, the terms of which speak for themselves; Valassis lacks sufficient information to admit or deny the causal connection alleged in the first sentence of this paragraph, or any of the facts alleged in the second sentence of this paragraph.

38. Valassis lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 38 of the Counterclaim.

39. Valassis lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 39 of the Counterclaim.

40. Valassis lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 40 of the Counterclaim.

41. Valassis lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 41 of the Counterclaim.

42. To the extent the first sentence of paragraph 42 purports to characterize Plaintiff's complaint, Valassis respectfully refers to the complaint for its true and complete content. The second and third sentences are denied.

43. Denied.

44. Denied.

45. To the extent paragraph 45 characterizes Plaintiff's complaint, Valassis respectfully refers to the complaint for its true and complete content. The remaining sentences are denied.

46. The referenced marketing materials speak for themselves, and Valassis respectfully refers to them for their true and complete content. Otherwise, the allegations are denied.

47. The referenced letters speak for themselves, and Valassis respectfully refers to them for their true and complete content. Otherwise, the allegations are denied.

48. Any prepared talking points speak for themselves, and Valassis respectfully refers to them for their true and complete content. Otherwise, the allegations are denied.

49. Denied.

50. Valassis' investor presentations and reports speak for themselves, and Valassis respectfully refers to them for their true and correct content; otherwise, the allegations stated herein are denied.

51. The cited documents speak for themselves; otherwise, the allegations are denied.

52. The cited document speaks for itself; otherwise, the allegations are denied.

53. The cited document speaks for itself; otherwise, the allegations are denied.

54. Denied.

55. To the extent paragraph 55 purports to summarize certain of the allegations of Valassis' complaint, Valassis refers to the complaint for its full and complete content. The balance of paragraph 55 is denied.

56. Denied.

57. To the extent paragraph 57 purports to summarize certain of the allegations of Valassis' complaint, Valassis refers to the complaint for its full and complete content. The balance of paragraph 57 is denied.

58. To the extent the first sentence of paragraph 58 purports to summarize certain of the allegations of Valassis' complaint, Valassis refers to the complaint for its full and complete content. Valassis denies the remaining sentences of paragraph 58.

59.     To the extent paragraph 59 purports to summarize certain of the allegations of Valassis' complaint, Valassis refers to the complaint for its full and complete content.

60.     Denied.

61.     Valassis admits that it signed a contract with Delta Carbona, the terms of which speak for themselves. Valassis denies the allegations of this paragraph to the extent they are inconsistent with the referenced contract.

62.     Valassis admits that it signed a contract with Seneca Foods Corp., the terms of which speak for themselves. Valassis denies the allegations of this paragraph to the extent they are inconsistent with the referenced contract.

63.     Valassis admits that it signed a contract with Coppermoon Coffee, L.L.C., the terms of which speak for themselves. Valassis denies the allegations of this paragraph to the extent they are inconsistent with the referenced contract.

64.     This paragraph states a legal conclusion as to which no response is required. In any event, the referenced contracts speak for themselves.

65.     The referenced contracts speak for themselves; the balance of paragraph 65 is denied.

66. This paragraph states a legal conclusion as to which no response is required. In any event, the referenced contracts speak for themselves.

67. This paragraph states a legal conclusion as to which no response is required. In any event, the referenced contracts speak for themselves.

68. To the extent paragraph 68 purports to summarize certain of the allegations of Valassis' complaint, Valassis refers to the complaint for its full and complete content. The referenced provisions of Valassis' contracts speak for themselves, and Valassis respectfully refers to those provisions for their true and complete terms. The balance of paragraph 68 is denied.

69. To the extent paragraph 69 purports to summarize certain of the allegations of Valassis' complaint, Valassis refers to the complaint for its full and complete content. The referenced provisions of Valassis' contracts speak for themselves, and Valassis respectfully refers to those provisions for their true and complete terms. The balance of paragraph 69 is denied.

70. Denied.

71. Paragraph 71 purports to summarize certain of the allegations raised by Valassis in this litigation; Valassis refers to the complaint for its true and complete content.

72. Paragraph 72 purports to summarize certain of the allegations raised by Valassis in this litigation; Valassis refers to the complaint for its true and complete content.

73. Denied.

74. For each allegation incorporated by reference by NAM in paragraph 74, Valassis states and incorporates by reference its answer thereto, as stated in the paragraphs above.

75. Admitted.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

Valassis denies that Defendants are entitled to any relief on their conditional Counterclaim, including the form of relief requested in parts (a) through (c) of Defendants' Prayer for Relief.

For its affirmative defenses, Valassis states as follows:

### FIRST AFFIRMATIVE DEFENSE

The Amended Counterclaim fails to state a claim upon which relief can be

granted.

## SECOND AFFIRMATIVE DEFENSE

Defendants lack standing to bring the claims alleged in the Amended Counterclaim.

## THIRD AFFIRMATIVE DEFENSE

The alleged conduct of Plaintiff was not the cause or proximate cause of the losses alleged by Defendants.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' claim is barred, in whole or in part, because Defendants failed to take reasonable action to mitigate any alleged injuries and damages, if any, suffered as a result of the conduct alleged in the Amended Counterclaim.

## FIFTH AFFIRMATIVE DEFENSE

Defendants' claim is barred, in whole or in part, by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' claim is barred, in whole or in part, by contractual limitations provisions.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants' claim is barred, in whole or in part, by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants' claim is barred, in whole or in part, by the doctrines of waiver, estoppel, and laches.

## NINTH AFFIRMATIVE DEFENSE

Defendants' claim is barred, in whole or in part, by the doctrine of *in pari delicto*.

## TENTH AFFIRMATIVE DEFENSE

Any and all information provided by Plaintiff to third parties and challenged by Defendants was truthful.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

Dated: March 20, 2017      By:            /s/ Lauren Giudice

                                                  Michael Shuster (NY Bar No. 2122190)
Vincent Levy (NY Bar No. 4712667)
Scott M. Danner (NY Bar No. 4853016)
Lauren Giudice (NY Bar No. 5034715)
HOLWELL SHUSTER & GOLDBERG LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5151
mshuster@hsgllp.com
vlevy@hsgllp.com
sdanner@hsgllp.com
lgiudice@hsgllp.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that on March 20, 2017, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which will serve all counsel of record.

Dated: March 20, 2017         By:          /s/ Lauren Giudice

        Michael Shuster (NY Bar No. 2122190)
        Vincent Levy (NY Bar No. 4712667)
        Scott M. Danner (NY Bar No. 4853016)
        Lauren Giudice (NY Bar No. 5034715)
        HOLWELL SHUSTER & GOLDBERG LLP
        750 Seventh Avenue, 26th Floor
        New York, NY 10019
        (646) 837-5151
        mshuster@hsgllp.com
        vlevy@hsgllp.com
        sdanner@hsgllp.com
        lgiudice@hsgllp.com

*Attorneys for Plaintiff*