UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALASSIS COMMUNICATIONS, INC.,<br><br>      Plaintiff,<br>  v.<br><br>NEWS CORPORATION; NEWS AMERICA MARKETING, a/k/a NEWS AMERICA, INC., a/k/a NEWS AMERICA MARKETING GROUP; NEWS AMERICA MARKETING FSI, LLC, a/k/a NEWS AMERICA MARKETING FSI, INC.; and NEWS AMERICA MARKETING IN-STORE SERVICES, LLC a/k/a NEWS AMERICA MARKETING IN-STORE SERVICES, INC.,<br><br>      Defendants. | Case No. 1:17-cv-07378<br><br>HON. P. KEVIN CASTEL<br><br>**PLAINTIFF'S APPLICATION TO FILE DOCUMENTS UNDER SEAL** |

  Pursuant to Section 5 of the Court's Individual Practices, Plaintiff Valassis Communications, Inc. submits this application to seal, along with the supporting Declarations of Scott Danner and Donna Schelby dated June 8, 2018, for the purpose of protecting sensitive financial and business information contained in exhibits that Defendants ("News") have indicated they intend to file with their upcoming reply in support of their motion for summary judgment. Valassis asks that this Court grant leave to file certain portions of the exhibits under seal.

  On June 1, 2018, News informed Valassis that it intended to file with its upcoming reply brief on summary judgment certain Valassis documents and transcripts of depositions that Valassis had designated as "Attorneys' Eyes Only" under the parties' Stipulated Protective

Order.  (Dkt. 63-1).  Certain of those documents contain confidential and sensitive Valassis information that Valassis believes should be protected from public disclosure.

As an initial matter, many of the documents identified by News appear to be irrelevant to showing the absence of a dispute of fact on the matters put into issue by News on summary judgment.  *See, e.g.*, *Seneca Ins. Co. v. Wilcock*, 2005 WL 2898460, at *8 (S.D.N.Y. Nov. 3, 2005) ("We may reject this set of arguments, for purposes of summary judgment, based on defendants' failure to raise them in their initial motion papers.").  Accordingly, it is not clear whether these documents should be considered "judicial documents" under *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

That said, assuming that the Court concludes that the documents are relevant and properly presented on News's reply, they should be filed under seal to the extent discussed below and reflected in the proposed redactions Valassis has noted on the exhibits to the accompanying Danner Declaration.  Specifically, the information proposed to be redacted consists of highly confidential and sensitive financial and business information that Valassis does not disclose publicly, including financial and business terms of Valassis's contracts in the ISP market, Valassis's profit margins on those contracts, costs incurred in the supply of in-store promotional services, revenues obtained from those services, and number of placements.  *See* Schelby Decl. ¶¶ 5–10.  As set forth in the Schelby Declaration, the disclosure of the information sought to be redacted would risk causing harm to Valassis that outweighs the public's interest in viewing the information.

Information that would be helpful to commercial counterparts and "commercial competitors seeking an advantage over rivals," like the information sought to be redacted here, is a classic example of confidential information that should remain under seal.  *United States v.*

*Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1051 (2d Cir. 1995); *see also Avocent Redmond Corp.* v. *Raritan Ams., Inc.*, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (Castel, J.) (permitting redaction of documents containing confidential business information); *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 2012 WL 1382557, at *1 (S.D.N.Y. Apr. 20, 2012) (Castel, J.) ("When litigation requires disclosure of trade secrets, the court may disclose certain materials only to the attorneys involved.").

Indeed, courts in the Second Circuit permit the redaction of "sensitive business information" because parties have a significant interest in non-disclosure of "confidential and sensitive business information," and the information can easily be redacted. *Playtex Prod., LLC v. Munchkin, Inc.*, 2016 WL 1276450, at *12 (S.D.N.Y. Mar. 29, 2016) (citing *Encyclopedia Brown Prods., Ltd. v. Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998)); *see also Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015) (allowing redaction of proprietary information including "pricing information"); *Travelers Indem. Co. v. Excalibur Reinsurance Corp.*, 2013 WL 4012772, at *5 (D. Conn. Aug. 5, 2013) (allowing redaction of "sensitive business information"); *Crossman v. Astrue*, 714 F. Supp. 2d 284, 287 (D. Conn. 2009); *Cumberland Packing Corp. v. Monsanto Co.*, 184 F.R.D. 504, 506 (E.D.N.Y. 1999) ("Documents falling into categories commonly sealed are those containing . . . pricing information, and the like.").

Valassis proposes to redact only the sort of sensitive financial and business information that courts have permitted be redacted. Specifically, Valassis proposes to redact information that either directly states, or from which a reader, including competitors or other commercial counterparties, could indirectly obtain, Valassis's profit margins, costs, revenues, number of placements, profit-sharing details, or pricing concerning its contracts with retailers and CPGs. If

commercial counterparties (including retailers or CPGs) had access to this information, it would put Valassis at a significant disadvantage in negotiations, and could cause Valassis significant harm.  *See generally* Schelby Decl.

On the other side of the balance, based on what News has said, it is apparent that the information sought to be redacted is at best of marginal relevance to the substance of News's reply; News's motion for summary judgment centered on the analysis of Valassis's damages expert.  Thus, the public interest in disclosure is minimal.  *Lugosch*, 435 F.3d at 119 (presumption in favor of public access must be weighed against "competing considerations" of a party's "privacy interests"); *see Alstom v. Gen. Elec. Co.*, 228 F. Supp. 3d 244, 254 (S.D.N.Y. 2017) ("The information the parties seek to keep confidential reflects their substantive positions as to the underlying accounting dispute that . . . is not [to be decided] by this Court.  In light of that, the Court agrees with Alstom that . . . that the presumption in favor of access is weak.").

\*    \*    \*    \*

For the foregoing reasons, Valassis respectfully requests that the Court permit redaction or filing under seal of the Exhibits to the Danner Declaration, and enter the proposed order submitted herewith.

Respectfully submitted,

Dated: June 8, 2018            By:    /s/  Vincent Levy

Vincent Levy
Scott M. Danner
Evan H. Stein
HOLWELL SHUSTER & GOLDBERG LLP
750 Seventh Avenue, 26th Floor
New York, NY 10019
(646) 837-5151
vlevy@hsgllp.com

*Attorneys for Plaintiff*