# HOLWELL SHUSTER & GOLDBERG LLP

425 Lexington Avenue, 14th Floor
New York, New York 10017
Tel: (646) 837-5151
Fax: (646) 837-5150
www.hsgllp.com

*Vincent Levy*
*(646) 837-5120*
*vlevy@hsgllp.com*

September 26, 2019

Hon. P. Kevin Castel
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *Valassis Communications, Inc. v. News Corp., et al.*, No. 17-cv-7378 (S.D.N.Y.)

Dear Judge Castel,

      Plaintiff respectfully submits this letter to briefly respond to some of the points raised in News's letter filed yesterday evening. *See* Dkts. 292, 294.

      News ignores Valassis's principal points: (1) that News has failed to meet its obligation under Rule 26(a)(3)(A) to identify in good faith the documents it intends to or may use at the upcoming trial in this case; (2) that the 4,650 documents incorporated by reference into DX-0777-C and DX-0778-C are wildly disproportionate to the roughly 150 documents on Valassis's exhibit list that pre-date Valassis's attempted entry into the in-store promotions market; and (3) review of the third-party materials incorporated into DX-0777-C and DX-0778-C is prohibited by the *Valassis I* protective order.

      As to the first point, News's response does not say that it has undertaken a review of *any* of the challenged prior trial exhibits to determine whether it intends to or may use those documents at the trial in this case, despite Valassis having pointed out its failure to do so during the meet-and-confer process. *See* Dkt. 292 at 2. Indeed, even today, News does not represent that it actually does intend to use any, let alone all, of these documents at trial; rather, the most News can muster is to say that it "needs to reserve its right" to introduce every single one of the more-than 4,600 prior trial exhibits. Dkt. 294 at 3-4. And News does not dispute that the pre-entry documents it *does* intend to use are identified separately on its conditional exhibit list. These are remarkable omissions, and confirm that News has violated Rule 26(a)(3)(A). That should be the end of the matter, and DX-0777-C and DX-0778-C should be stricken.

      As to the second point, News works hard to inflate the extent of evidence disclosed by Valassis that pre-dates its attempted entry, but (a) even accepting News's figures,[1] there are still

---

[1] Valassis's identification of "roughly 150" documents pre-dating its entry was accurate. As explained in correspondence with News (attached as an exhibit to Valassis's September 25 letter), Valassis listed roughly 200 documents pre-dating November 20, 2009, the date of its attempted entry; 15 of those are

about 20-times the number of pre-entry documents on its exhibits DX-0777-C and DX-0778-C as there are on the entirety of Valassis's exhibit list; and (b) as to the length of the videos, Valassis offered in an email (sent four-and-a-half hours before News filed its letter) to work with News to narrow those videos, if News would agree to waive completeness objections—an offer News has neither responded to nor disclosed to this Court.  The parties are therefore continuing to meet and confer with respect to News's only challenge to the breadth of Valassis's disclosures, and News's complaints are therefore both unfounded and premature.

As to the third point, News's proposal that the Court and the parties should simply ignore the rights of third parties under the *Valassis I* protective order—rights News has apparently already violated—is patently improper.  Indeed, News's suggestion that those third parties should not be "burden[ed]" with an opportunity to protect their court-ordered rights is outrageous.

Instead of addressing the problems with DX-0777-C and DX-0778-C, News previews a meritless motion *in limine*, confirming that those exhibits were listed, *in terrorem*, to coerce the Court into granting their motion, on pain of the introduction of scads of irrelevant evidence.  We will respond to News's motion in due course.  Finally, News's proposal for both parties to defer review of each other's exhibits is unacceptable to Valassis.  News was required to identify its exhibits by the court-ordered deadline, and it failed to do so.

In view of News's failure to represent that it even intends to use these documents, the only appropriate remedy now is to strike DX-0777-C and DX-0778-C.  News should not get a do-over.

Respectfully submitted,

/s/ Vincent Levy
Vincent Levy

---

academic articles or books; and several dozen more are separately-identified clips of a handful of video files.  *See* Dkt. 292, Ex. 2, 9/14/19 Letter from S. Danner to B. Tannenbaum.