UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VALASSIS COMMUNICATION, INC.,

                      Plaintiff,                17-cv-7378 (PKC)

    -against-

                                               OPINION AND
                                               <u>ORDER</u>

NEWS CORPORATION,

                    Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

       How modest of News Corp.? It's only two exhibits: DX-0777-C and DX0778-C. Yet lurking beneath the exhibit numbers are over 4,000 documents from prior trials.

       Valassis complains of this and reports that it has a list of fewer than 1,000 documents and that News Corp. has another 1,700 exhibits on its exhibit list.[1] News Corp. points out that Valassis's exhibit list contains 62 videotapes of nearly 50 hours in length. These are staggering numbers that are either not honest appraisals of the likely trial evidence or an effort to distract and bamboozle the jury.

       If Valassis has improperly listed one or more documents from prior litigation, News Corp.'s remedies are to object and counter-designate those documents it seeks to offer to counter the particular point. It is, frankly, childish to assert that if-Valassis-is going-to-offer-*anything*-from-the-earlier-trials, then-News Corp.- reserves-the right-to-offer *everything*.

---

[1] Valassis describes News Corp's over-designation as "an urgent issue" referring to the "exigency of [its] request." The urgency apparently stems from the Court's requirement that the Joint Pretrial Order be filed over a month from now on November 5, 2019. The binder accompanying Valsssis's September 25, 2019 letter complaining of News Corp.'s exhibits is, itself, two-inches thick and Valassis seeks to file it under seal "in abundance of caution."

Perhaps it is an attempt to conjure the false image of an out-of-control trial in order to influence a judicial ruling on the admissibility of evidence.

Stop trying to hide the ball. Stop obstructing the pre-trial process. Start acting like trial lawyers rather than helpless naifs who are frightened at the prospect of what their adversary may do and so they have to designate every document or videotape in sight. Instead of babysitting the on-going process of preparing a joint pretrial order, the Court will issue rulings at the Final Pretrial Conference. Please be prepared to argue at that Conference and at trial why your exhibits and other evidence are not excludable under the "wasting time" prong of Rule 403, Fed. R. Evid. The Court looks forward to carefully reviewing the proposed time allotments for each side's presentation of evidence.

The stakes are high for the parties, but they are also high for the U.S. judicial system and one of its crown jewels, the Seventh Amendment right to a jury trial in a civil case. Juror time is precious. In order to resolve a private dispute, citizens are asked to put their daily lives on hold--their need to attend to parents, children, loved ones, medical needs, education, careers, finances, laundry, dry cleaning, groceries and the pursuits of happiness. The time of these citizen-jurors will be jealously guarded by this Court.

Application for sealing is DENIED. The Final Pretrial Conference will be held on December 20, 2019 at 11:15 a.m.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       September 26, 2019