UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALASSIS COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEWS CORPORATION; NEWS AMERICA MARKETING, a/k/a NEWS AMERICA INCORPORATED, a/k/a NEWS AMERICA MARKETING GROUP, a/k/a NEWS AMERICA MARKETING FSI L.L.C., a/k/a NEWS AMERICA MARKETING FSI, INC.; and NEWS AMERICA MARKETING IN-STORE SERVICES L.L.C., a/k/a NEWS AMERICA MARKETING IN-STORE SERVICES, INC.,<br><br>Defendants. | Case No. 1:17-cv-07378-PKC |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
OMNIBUS MOTION TO FILE DOCUMENTS UNDER SEAL**

Pursuant to the Court's September 27, 2019 Order (Dkt. 298), Defendants respectfully request that the Court enter an order granting leave to file under seal (i) certain portions of Exhibits 1–96 (the "Proposed Redacted Materials") to the Declaration of Brette Tannenbaum in Support of Defendants' Omnibus Motion to File Documents Under Seal ("Tannenbaum Declaration"); and (ii) any portions of the Proposed Redacted Materials quoted or expressly referred to in the parties' briefing supporting or opposing Plaintiff's Omnibus Motion *In Limine* (Dkts. 301, 322, 327), Plaintiff's Motion to Exclude in Part the Expert Testimony of Dennis W. Carlton (Dkts. 304, 324, 329), Defendants' First Through Eighth Motions *In Limine* (Dkt. 307, 317, 334), Defendants' Motion *In Limine* to Exclude the Testimony of James Levinsohn (Dkt. 310, 318, 330), and Defendants' Renewed Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(e) (Dkts. 313, 319, 332) (together, the "Pre-Trial Briefing"). Defendants also respectfully request

permission to file under seal certain of the Proposed Redacted Materials that were produced by third parties, or which reflect testimony given in *Dial Corp.* v. *News Corp., et al.*, 13-cv-6802 (S.D.N.Y.), by witnesses who are not parties to this matter (the "Third Party Documents") in order to allow these third parties to move or otherwise notify the Court regarding their position as to whether any additional portions of such materials may merit sealed treatment. The Third Party Documents are attached as Exhibits 12, 44, 88, 89, 91, and 94 to the Tannenbaum Declaration.

## BACKGROUND

On September 27, 2019, the Court entered an Order permitting the parties to file their Pre-Trial Briefing and accompanying exhibits temporarily under seal, and directed each party to "file an omnibus sealing motion addressing all documents, testimony, or portions of briefing submitted in connection with" the Pre-Trial Briefing that "the party seeks to seal." (Dkt. 298 at 1.) Pursuant to that Order, Defendants seek permission to seal targeted excerpts of the Proposed Redacted Materials, and leave to file under seal the Third Party Documents.

The Proposed Redacted Materials contain, summarize, or cite highly confidential, competitively sensitive, and/or personal information, including: (i) financial terms, exclusivity provisions, and/or the number of in-store promotions ("ISP") placements permitted at particular retailers included in contracts between NAM and retailers; (ii) negotiations between NAM and retailers regarding such contracts; (iii) financial terms, including pricing and volume provisions, in contracts between NAM and CPGs; (iv) financial data reflecting NAM's projected and/or actual placements of ISP and free-standing inserts ("FSI") (a product not at issue in this case), costs, pricing, profit margins, and/or revenue; and (v) personal information, such as the contact information of individual deponents and cell phone numbers of individuals referenced in

documents. All of these materials were designated "Attorneys' Eyes Only" under the parties' Stipulated Protective Order (Dkt. 63-1).

The Third Party Documents consist of material produced by third parties, excerpts from an expert report produced in *Dial Corp.* v. *News Corp., et al.*, 13-cv-6082 (S.D.N.Y.), and deposition testimony given in *Dial* by witnesses who are not parties to this case.

Defendants seek permission to redact only (i) the portions of the Proposed Redacted Materials that reflect the aforementioned categories of information, as indicated by highlighting, and (ii) any portions of the Pre-Trial Briefing that quote or directly refer to such information. As set forth in the accompanying Declaration of Louis F. Manzo, dated November 12, 2019 ("Manzo Declaration"), News America Marketing FSI L.L.C and News America Marketing In-Store Services L.L.C. (collectively, "NAM") take care to keep this information confidential, and the disclosure of this information would result in significant injury to NAM. As to the Third Party Documents, Defendants will promptly advise the relevant third parties that the Third Party Documents have been submitted as exhibits to the Pre-Trial Briefing, and request leave to file these documents temporarily under seal to preserve the interests of the third parties.

## ARGUMENT

While a presumption of public access applies to judicial documents, *i.e.*, documents relevant to the performance of the judicial function and useful in the judicial process, courts must balance against the weight of that presumption any countervailing factors, such as "the privacy interests of those resisting disclosure"—including "the degree to which the subject matter is traditionally considered private rather than public"—and the "nature and degree of injury" resulting from disclosure. *See Lugosch* v. *Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006); *United States* v. *Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1050–51 (2d Cir. 1995). In doing

so, the Court may specifically consider whether a party's interest in protecting its confidential business information outweighs the presumption of public access. *See Standard Inv. Chartered, Inc.* v. *Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 616 (2d Cir. Sept. 3, 2009).

Non-public financial information that would provide an advantage to commercial competitors is just the sort of information that warrants protection from disclosure. *See Amodeo II*, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts."); *Playtex Prods., LLC* v. *Munchkin, Inc.*, No. 14-cv-1308, 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (permitting redactions of sales and revenues figures, disclosure of which would cause competitive harm); *Avocent Redmond Corp.* v. *Raritan Ams., Inc.*, No. 10-cv-6100, 2012 WL 3114855, at *16 (S.D.N.Y. July 31, 2012) (permitting sealing of documents containing confidential business information such as market forecasts, sales, and profit margins); *GoSmile, Inc.* v. *Dr. Jonathan Levine* ("*GoSmile I*"), 769 F. Supp. 2d 630, 650 (S.D.N.Y. 2011) (Castel, J.) (permitting sealing of documents concerning costs and budgeting).

Here, NAM has narrowly tailored its proposed redactions to protect only its significant interest in maintaining the confidentiality of competitively- or personally-sensitive information, and no less restrictive alternative is available to prevent the injury that would result from disclosure of these limited categories of information. *See Avocent*, 2012 WL 3114855, at *15–16 (finding that the "limited quantity of confidential information" to be sealed in a "civil dispute between two competitors that involves proprietary information" "does not go to the heart of the judicial process"). NAM has a significant interest in maintaining the confidentiality of highly sensitive and non-public information regarding its contracts and business strategies that outweighs any presumption of access in this case. Exhibits 1–96 contain competitively sensitive

information about NAM's negotiations, prices, costs, contract terms, and other business strategies that, if disclosed, would grant NAM's competitors unfair competitive advantage, harm NAM's relationships with its customers and business partners, and harm NAM's ability to negotiate effectively for current and future business.  *See* Manzo Decl. ¶¶ 4–9, 12–13.  The limited financial and other sensitive business information that NAM seeks to redact here is precisely the sort of information that this Court, and others, has held is appropriate to maintain under seal.  *See Avocent*, 2012 WL 3114855, at *16; *GoSmile I*, 769 F. Supp. 2d at 650; *see also Playtex Products*, 2016 WL 1276450, at *11 (permitting redaction of business information that would give competitors specific insight into party's business strategies) (citing *Encyclopedia Brown Prods., Ltd.* v. *Home Box Office, Inc.*, 26 F. Supp. 2d 606, 614 (S.D.N.Y. 1998)); *Grand River Enters. Six Nations, Ltd.* v. *King*, No. 02-cv-5068, 2009 WL 222160, at *3 (S.D.N.Y. Jan. 30, 2009) (permitting sealing of data that could be used to understand a party's current business strategies, strengths, and weaknesses).  As a result, even if the Court finds that the Exhibits are judicial documents, the presumption of public access to the proposed redacted portions of those Exhibits is outweighed by the competing consideration of NAM's interest in protecting its competitive sensitive business information.  *See Lugosch*, 435 F.3d at 119–20; *Standard Inv. Chartered*, 347 F. App'x at 616.  The Court previously ordered that the parties may redact competitively sensitive information, including profit margins, costs, revenues, prices, number of placements, and contract terms, from filings, including expert materials included in the Proposed Redacted Materials.  (Dkt. 267 at 2–3.)

   Finally, personal contact information, like the home addresses of deponents and cell phone numbers, also may be redacted because individuals have a strong privacy interest in their non-disclosure—particularly where, as here, such personal contact information is irrelevant to

the case and the matters in dispute. *See, e.g.*, *Cohen* v. *Gerson Lehrman Grp., Inc.*, No. 09-cv-4352, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (Castel, J.).  The Court previously ordered that the parties may redact personal cell phone numbers from future filings without further leave of Court.  (Dkt. 135 at 2.)

## **CONCLUSION**

For the foregoing reasons, NAM respectfully requests that the Court (i) permit redaction of the Proposed Redacted Materials, as highlighted in Exhibits 1–96 to the Tannenbaum Declaration, and any portions of the Pre-Trial Briefing that quote or expressly refer to the Proposed Redacted Materials; and (ii) permit Defendants to temporarily file under seal the Third Party Documents in order to allow relevant third parties an opportunity to move or otherwise notify the Court regarding their position as to whether the Third Party Documents merit any additional redactions or sealing.

Dated:  November 12, 2019

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:  /s/ Kenneth A. Gallo
Kenneth A. Gallo (kgallo@paulweiss.com)
Jane B. O'Brien (jobrien@paulweiss.com)
2001 K Street, NW
Washington, D.C. 20006-1047
(202) 223-7300

William B. Michael (wmichael@paulweiss.com)
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000