**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

2001 K STREET, NW  
WASHINGTON, DC 20006-1047  
TELEPHONE (202) 223-7300

1285 AVENUE OF THE AMERICAS  
NEW YORK, NY 10019-6064  
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER  
5 DONGSANHUAN ZHONGLU  
CHAOYANG DISTRICT, BEIJING 100020, CHINA  
TELEPHONE (86-10) 5828-6300

HONG KONG CLUB BUILDING, 12TH FLOOR  
3A CHATER ROAD, CENTRAL  
HONG KONG  
TELEPHONE (852) 2846-0300

ALDER CASTLE  
10 NOBLE STREET  
LONDON EC2V 7JU, UNITED KINGDOM  
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING  
2-2 UCHISAIWAICHO 2-CHOME  
CHIYODA-KU, TOKYO 100-0011, JAPAN  
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE  
77 KING STREET WEST, SUITE 3100  
P.O. BOX 226  
TORONTO, ONTARIO M5K 1J3  
TELEPHONE (416) 504-0520

500 DELAWARE AVENUE, SUITE 200  
POST OFFICE BOX 32  
WILMINGTON, DE 19899-0032  
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER  
(202) 223-7356

WRITER'S DIRECT FACSIMILE  
(202) 204-7356

WRITER'S DIRECT E-MAIL ADDRESS  
kgallo@paulweiss.com

February 3, 2020

**By ECF**

Hon. P. Kevin Castel  
United States District Court for the Southern District of New York  
Daniel Patrick Moynihan United States Courthouse  
500 Pearl Street  
New York, New York 10007

*Valassis Commc'ns, Inc.* v. *News Corp., et al.*,  
No. 17-cv-7378 (S.D.N.Y.)

Dear Judge Castel:

Defendants respectfully submit this response to Valassis's letter of earlier today to address one issue. Valassis announces that if its motion to reconsider is denied, it "will supplement its disclosure to explain its calculation of damages." But it ignores the reason why the Court excluded its damages expert in the first place—the expert's failure to comply with the substantive antitrust law requirement to disaggregate. And, while Valassis claims it has some other evidence besides the excluded expert testimony with which it can prove some other (unidentified) amount of lost profits, it has never—not in the proposed joint final pre-trial order, not in its motion for reconsideration, not in its verdict form submission, and not in today's letter—even tried to explain how it could prove that such losses are attributable exclusively to *unlawful* conduct as opposed to NAM's procompetitive retailer payments or other lawful factors. *See* Areeda & Hovenkamp, Antitrust Law ¶ 392g (plaintiffs that cannot meet their burden to disaggregate "may simply be out of luck").[1]

---

[1] Valassis cites additional cases for the proposition that antitrust plaintiffs are afforded some latitude in proving the amount of antitrust damages once the fact of injury has been established. (Dkt. 366 at 2 & n.2.) But, as Judge Leisure explained, "that hardly means that the plaintiff who proves causation is suddenly relieved of the obligation to present evidence that permits the jury to make some quantifiable distinction between those damages attributable to unlawful conduct and those damages caused by other factors"—*i.e.*, the obligation to disaggregate. *U.S. Football League* v. *Nat'l Football League*, 644 F. Supp. 1040, 1052 (S.D.N.Y. 1986), *aff'd*, 842 F.2d 1335 (2d Cir. 1988). None of the cases Valassis cites says otherwise.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Hon. P. Kevin Castel											2

       As for Valassis's out-of-the-blue suggestion that it can somehow repurpose the testimony of its liability expert (MacKie-Mason) to prove damages, it fails to provide any indication of how a jury could piece together the various strands of data broadly referenced in Valassis's letter to arrive at a damages figure that would represent anything other than speculation and guesswork, much less how this spaghetti-at-the-wall approach would "provide the jury with a reasonable basis on which to estimate the amount of its losses caused by other factors." (12/20/19 Hearing Tr. at 31.) MacKie-Mason himself can provide no guidance on these issues because, as he has acknowledged, "I'm not the damages expert . . . . I haven't done any part of a damages analysis[.]" (Dkt. 270-32 (MacKie-Mason Dep. Tr.) at 170:5–8; *see id.* at 155:10–13 ("I don't think, from my liability assignment, that Valassis's behavior in the but-for world is at all informative. I'm not the damages expert.").)

       Valassis's letter thus confirms why its various requests for another bite at the damages apple should be denied.

Respectfully submitted,

/s *Kenneth A. Gallo*
Kenneth A. Gallo

cc:     Counsel of record