UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
VALASSIS COMMUNICATIONS, INC.,

                      Plaintiff,                          17-cv-7378 (PKC)

-against-

                                                  ORDER

NEWS CORPORATION, et al.,

                      Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        The Court has not foreclosed plaintiff Valassis Communications, Inc. ("Valassis") from endeavoring to prove damages in some manner that does not include Dr. Levinsohn's opinions on damages in which he failed to disaggregate the effect of lawful retailer commissions, which opinions this Court precluded on substantive antitrust and <u>Daubert</u> grounds. The Court also ruled that Dr. Levinsohn's opinions were unreliable to the extent that they arrived at essentially the same damages figure as they had when treating the retailer commissions as unlawful in his prior report.

        The Court's ruling was not intended to foreclose all possible testimony from Dr. Levinsohn (unless he has no relevant testimony that does not run afoul of the Court's ruling) nor has it foreclosed Valassis from endeavoring to prove damages from other witnesses and exhibits. The Court wrote in its summary judgment opinion:

> Levinsohn's testimony, therefore, does not render Valassis's proof of antitrust injury insufficient such that summary judgment is warranted on Valassis's remaining federal antitrust claims. Whatever modifications Levinsohn needs to make to the model in order to remove the effect of News's retailer commissions is a matter that the Court can address in the future in conjunction with the parties.

(Opinion and Order of Feb. 21, 2019 at 28).

Despite the Court's generous invitation to Valassis for a do-over on its expert report, it doubled-down by trying to repackage its failed theory in the revised report. Valassis's submission of Dr. Levinsohn's revised report in the face of the Court's summary judgment ruling was, indeed, a calculated tactical decision for which it bears the consequences.

If Valassis wishes to stand on its existing disclosures, that it is its prerogative. If it seeks some other relief such as a modification of the Joint Pre-Trial Order or supplementation to a disclosure, expert or otherwise, it should move the Court annexing the proposed modification or supplementation so that the Court may assess whether there is good cause, whether there is prejudice to the non-movant, and whether it would necessitate the reopening of discovery. The Court does not anticipate moving the trial date.

Valassis's request for reconsideration is denied because it has not demonstrated that the Court overlooked or misapprehended any material point of fact or law. The request for certification under 28 U.S.C. §1292(b) of issues decided in the summary judgment ruling of February 21, 2019 is denied because it is belated and will not materially advance the termination of the entire litigation.

Valassis's "Motion for Clarification or, in the Alternative, Reconsideration of the Court's December 20, 2019 Order on Defendants' Motion In Limine to Exclude the Expert Testimony of James Levinsohn or Certification of an Interlocutory Appeal" is GRANTED to the extent expressly indicated herein and otherwise DENIED. (Doc 356).

SO ORDERED.

／s／ P. Kevin Castel
P. Kevin Castel
United States District Judge

Dated: New York, New York
February 5, 2020