UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VALASSIS COMMUNICATIONS, INC.,

                          Plaintiff,                          17-cv-7378 (PKC)

           -against-                                          OPINION
                                                              AND ORDER
NEWS CORPORATION, et al.,

                          Defendants.
------------------------------------------------------------x

CASTEL, U.S.D.J.

              Plaintiff Valassis Communications, Inc. ("Valassis") and defendants ("News")

move to seal a number of documents submitted in connection with recent motions.  (Docs. 339,

345, 376).  For the reasons that follow, the Court will grant in part and deny in part these motions.

LEGAL STANDARD

              There is a common-law and First Amendment right of public access to judicial

documents.  Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119–20 (2d Cir. 2006).  As such,

documents may be sealed "only with specific, on-the-record findings that sealing is necessary to

preserve higher values and only if the sealing order is narrowly tailored to achieve that aim."

Id. at 124.

              Under this framework, a court must determine:  (1) whether the document subject

to a sealing request qualifies as a judicial document; (2) the weight of the presumption of public

access attaching to that judicial document; and (3) if any countervailing factors or higher values

outweigh the right of public access to that judicial document.  Id. at 119–20.  To be classified a

judicial document, material "must be relevant to the performance of the judicial function and useful

in the judicial process."  Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (quoting United States

v. Amodeo, 44 F.3d 141, 145 (2d Cir. 1995) ("Amodeo I")).  "A document is thus 'relevant to the

performance of the judicial function' if it would reasonably have the *tendency* to influence a district court's ruling on a motion or in the exercise of its supervisory powers . . . ."  Id.

Though all judicial documents carry a presumption of public access, a court must determine the weight of this presumption as applied to a particular judicial document.   The appropriate weight is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. (quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995) ("Amodeo II")). Documents submitted in connection with trial or summary judgement are entitled to the highest presumption of public access, documents filed in connection with other non-dispositive motions are subject to a "still substantial" presumption of public access, and discovery documents not filed with the court "lie entirely beyond the presumption's reach."  Id. at 49–50, 53.

Against the applicable presumption of public access, the court must consider whether countervailing factors or higher values dictate that the document at issue should be sealed. Established factors and values that can outweigh the presumption of public access include legal privilege, Lugosch, 435 F.3d at 125 (stating that legal privilege could be a sufficient countervailing factor to outweigh the presumption of public access), business secrecy, see Amodeo II, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."), and privacy interests, see id. ("The court also considers 'the privacy interests of those resisting disclosure.'  Financial records of a wholly-owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." (citation omitted) (quoting Lugosch, 435 F.3d at 120)).  If one of these factors or values outweigh the value to the public of accessing the document at issue, then that document should be sealed.

Additionally, sealing should be "narrowly tailored," Lugosch, 435 F.3d at 124, and redacting sensitive information is a preferable alternative to sealing an entire document.  United States v. Aref, 533 F.3d 72, 83 (2d Cir. 2008) (stating that courts should "avoid sealing judicial documents in their entirety unless necessary").

DISCUSSION

On November 11, 2013, Valassis filed suit alleging harm from anticompetitive acts by News in the in-store promotions ("ISP") market.  The period now at issue extends from Valassis's entry into the ISP market in 2010 to its exit from that market in 2016.

I.  <u>Documents Submitted in Connection with Parties' Pre-Trial Motions</u>.

On October 3, 2019, the parties separately submitted 17 motions in limine, 2 motions to exclude expert testimony, and a motion for sanctions.  In accordance with a prior Order, the parties filed certain portions of their submissions supporting these motions under temporary seal.  On November 12, 2019, both parties moved to seal the documents that were temporarily filed under seal.  (Docs. 339, 345).  Neither party has opposed its opponent's respective motion to seal.

The Court has individually reviewed and made particularized findings as to each document covered under the parties' respective November 12, 2019 Motions to Seal.  First, the Court finds that all of these documents are judicial documents and therefore enjoy at least some presumption of public access.  As an initial point, the Court's actual reliance upon a document is irrelevant to the determination of whether it qualifies as a judicial document.  Brown, 929 F.3d at 50 ("Insofar as the District Court held that these materials are not judicial documents because it did not rely on them in adjudicating a motion, this was legal error. As explained above, the proper inquiry is whether the documents are relevant to the performance of the judicial function, not whether they were relied upon.").  As the Second Circuit explained, "[a] document is thus 'relevant to the performance of the judicial function' if it would reasonably have the *tendency* to influence

3

a district court's ruling on a motion or in the exercise of its supervisory powers." Id. at 49.  Here, all the documents at issue were submitted to the Court in support of and so would reasonably have the tendency to influence the Court's decision on the outstanding motions in limine, to exclude, and for sanctions.  In fact, the parties submitted these documents with this very intention.  As such, all documents submitted in support of these motions are judicial documents and enjoy some presumption of public access.  Id. at 53 (finding that documents submitted in support of motions in limine and other non-dispositive motions were judicial documents).

Though all judicial documents carry a presumption of public access, the weight of this presumption varies with "the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." Id. at 49 (quoting Amodeo II, 71 F.3d at 1049).  The presumption attached to motions in limine and other non-dispositive motions "is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." Id. at 50 (citing Amodeo II, 71 F.3d at 1049–50).  As such, the Court finds that the documents at issue here "are subject to a lesser—but still substantial—presumption of public access." Id. at 53.

The final step of the Lugosch framework requires the Court to determine if any countervailing factors or higher values outweigh the right of public access to that judicial document.  Lugosch, 435 F.3d at 119–20.  The Court has reviewed each of the documents at issue for countervailing factors and higher values that might outweigh the "still substantial" right of access the public enjoys in these documents and makes the following findings.[1]

---

[1] The Court notes that its findings are contingent on the "lesser—but still substantial—presumption of public access" applicable to the non-dispositive motions at issue.  Materials which the Court seals here may fail to overcome the greater presumption of public access controlling materials introduced at trial and therefore may be ordered unsealed then.

4

A.     <u>Documents Covered by Valassis's Motion to Seal</u>.

Valassis's November 12, 2019 Motion to Seal encompasses proposed redactions on the 39 documents appended as exhibits to the Declaration of Evan Stein.  (Doc. 341).  Valassis also asks that one of these documents, Exhibit 24, be sealed entirely.  Valassis asserts that the proposed redactions and sealing are necessary to protect confidential business information, including financial metrics of its business units and the compensation of its employees.  Valassis argues that its interest in protecting this information represents a countervailing factor outweighing the presumption of public access.

The demonstration of a valid need to protect the confidentiality of sensitive business information, such as pricing and compensation information, may be a legitimate basis to rebut the public's presumption of access to judicial documents.  <u>See</u> <u>Amodeo II</u>, 71 F.3d at 1051 ("Commercial competitors seeking an advantage over rivals need not be indulged in the name of monitoring the courts . . . ."); <u>Skyline Steel, LLC</u>, 101 F. Supp. 3d at 412–13 (sealing "highly confidential sales information, including pricing information" as well as information "revealing confidential negotiations" with a customer); <u>see also</u> <u>Dodona I, LLC v. Goldman, Sachs & Co.</u>, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015); <u>Cumberland Packing Corp. v. Monsanto Co.</u>, 184 F.R.D. 504, 506 (E.D.N.Y. 1999).  In support of its motion, Valassis provides two declarations stating that public revelation of the information at issue would allow Valassis's competitors and counterparties to use Valassis's confidential business information to their advantage and Valassis's detriment.

Upon review of the relevant documents in light of Valassis's professed business secrecy interest, the Court will grant in part and deny in part Valassis's motion to seal.  The Court finds that Valassis's asserted interest in maintaining the confidentiality of sensitive business information does not outweigh the presumed right of public access to financial metrics for

Valassis's ISP business.  Specifically, in light of Valassis's exit from the ISP market in 2016, the Court finds that Valassis's purported business privacy interest in its now defunct ISP business's financial metrics does not outweigh the public's right to access such information, upon which Valassis bases its damages estimates.  Valassis offers no compelling rationale explaining how the disclosure of the five to ten year-old financial metrics of a closed business unit would advantage its rivals in a currently competitive market.  See Amodeo II, 71 F.3d at 1051.  As such, Valassis cannot overcome the "still substantial" presumption of public access.  Valassis's motion to redact information related to the financial metrics of its ISP business will be denied.

The Court finds that the public's right of access is outweighed by countervailing factors as to two other categories of information.  First, the Court holds that Valassis's interest in protecting the sensitive business information of its active business units, such as the financial metrics of its Free Standing Inserts ("FSI") division, outweighs the public's presumed right of access at this stage of the litigation.  Disclosure of the specifics of the FSI and other units' pricing, costs, revenue, and profit information could result in significant harm to Valassis without providing much value in the monitoring of the federal courts.  See Amodeo II, 71 F.3d at 1051. Valassis's proposed redactions covering this information are narrowly tailored to protect these specific financial metrics.  Valassis's motion to redact information related to the financial metrics of its FSI and other non-ISP businesses will be granted as detailed below.

Second, the Court finds that the presumption of public access is outweighed by Valassis's business secrecy interest as well as by the personal privacy interests of the relevant employees in the compensation and bonuses received by individual Valassis employees.  The disclosure of such compensation and bonus information could damage Valassis's business and embarrass or harm third party individuals while offering little value in the monitoring of the federal

courts.  Valassis's motion to redact or seal information related to the compensation or bonuses received by individual Valassis employees will be granted as detailed below.

For both clarity and brevity, the Court has consolidated its individualized findings as to the proposed redactions in each of the 39 relevant exhibits into Appendix A to this Opinion and Order.  The abbreviated findings listed in Appendix A apply the above weighing of Valassis's business secrecy interest and the privacy interest of the relevant third- party individuals against the presumption of public access.  Valassis's Motion to Seal, (Doc. 339), is granted in part and denied in part with each individual proposed redaction or sealing request approved or denied as described in Appendix A for the reasons specified in Appendix A.

B.     Documents Covered by News's Motion to Seal.

News's November 12, 2019 Motion to Seal encompasses proposed redactions on the 96 documents appended as exhibits to the November 12, 2019 Declaration of Brette Tannenbaum.  (Doc. 348).  News asserts that the proposed redactions are necessary to protect confidential business information, including financial metrics of its business units, as well as the personal identification information of certain individuals.  News argues that these interests represent countervailing factors outweighing the presumption of public access.

As discussed above, protecting the confidentiality of sensitive business information is a legitimate basis for rebutting the public's presumption of access to judicial documents.  See Amodeo II, 71 F.3d at 1051.  In support of its motion, News provides a Declaration from Louis F. Manzo, (Doc. 347), which details News's interest in maintaining the secrecy of the relevant information and states that the disclosure of this information would harm News's competitive prospects.

Unlike Valassis, News continues to participate in both the ISP and FSI markets.  As such, Court holds that News's interests in protecting its sensitive business information related to

its ongoing businesses outweigh the public's presumed right of access at this stage of the litigation. Disclosure of financial metrics (such as pricing, costs, revenue, and profits), specific contracts terms, and other similar information could result in significant harm to News without providing much value to the monitoring of the federal courts. See Amodeo II, 71 F.3d at 1051. News's proposed redactions are narrowly tailored to protect specific financial metrics, contract terms, and the alike. News's motion to redact information related to its ongoing businesses will be granted as detailed below.

In regards to personal identification information, the Court holds that the personal privacy interests of the relevant third-party individuals in information including personal cell phone numbers and home addresses outweighs the presumption of public access. News's motion to redact the personal identification information of individuals will be granted as detailed below.

For both clarity and brevity, the Court has consolidated its individualized findings as to the proposed redactions in each of the 96 relevant exhibits into Appendix B to this Opinion and Order. The abbreviated findings listed in Appendix B apply the above weighing of News's business secrecy interest and individuals' personal privacy interests against the presumption of public access. News's Motion to Seal, (Doc. 345), is granted with each individual proposed redaction approved as described in Appendix B for the reasons specified in Appendix B.

C.    Third Party Documents Covered by News's Motion to Seal.

News also stated that specific documents, namely Exhibits 12, 44, 88, 89, 91, and 94 to the November 12, 2019 Declaration of Brette Tannenbaum, were produced by third parties and requested that these documents be temporarily sealed so that the third parties could be notified and allowed to intervene to request sealing. Since News's motion was filed on November 12, 2019, no third party has intervened or otherwise moved to request the sealing of these documents.

Therefore, the Court will deny News's motion to seal as to Exhibits 12, 44, 88, 89, 91, and 94, except as to any redactions otherwise specifically approved by the Court.

II.   Documents Submitted in Connection with Valassis's Motion to Supplement and Amend Its Disclosures.

On February 21, 2020, Valassis filed a Motion to Supplement and Amend its Expert and Pre-Trial Disclosures.  (Doc. 369).  Valassis filed the materials supporting its motion under temporary seal to permit News to move to seal any information contained therein.  (Doc. 372).  On February 28, 2020, News filed a motion proposing redactions to Valassis's brief and supporting exhibits, arguing that redaction was necessary to protect its confidential business information.  (Doc. 376).  News's proposed redactions are provided in the three exhibits to February 28, 2020 Declaration of Brette Tannenbaum.  (Doc. 380).

First, the Court finds that the three exhibits at issue, which are Valassis's brief and exhibits in support of its motion to supplement and amend, are judicial documents and therefore enjoy at least some presumption of public access as these documents would reasonably have the tendency to influence the Court's decision on Valassis's motion.  Second, the Court finds that the documents at issue enjoy "a lesser—but still substantial—presumption of public access" as they were submitted in support of a non-dispositive motion.  Brown, 929 F.3d at 50, 53.

Third, the Court has individually reviewed the three documents at issue and finds that News's asserted interest in maintaining the confidentiality of its sensitive business information outweighs the presumption of public access at this stage of the litigation.  Protecting the confidentiality of sensitive business information is a legitimate basis for rebutting the public's presumption of access to judicial documents.  See Amodeo II, 71 F.3d at 1051.  News provides a Declaration from Louis F. Manzo, (Doc. 379), which details News's interest in maintaining the

secrecy of the relevant information and states that the disclosure of this information would harm News's competitive prospects.

The information News proposes to redact in Exhibits 1 to 3 to the February 28, 2020 Declaration of Brette Tannenbaum, (Docs. 380-1 to 380-3), concerns the financial metrics of News's ISP business.  Disclosure of the financial metrics, which includes information on pricing, costs, revenue, and profits, for News's continuing enterprise could result in significant harm to News without providing much value in the monitoring of the federal courts.  See Amodeo II, 71 F.3d at 1051.  News's proposed redactions are narrowly tailored to protect this type of specific financial information.  Therefore, News's motion to redact Exhibits 1 to 3 to the February 28, 2020 Declaration of Brette Tannenbaum is granted.

CONCLUSION

The Clerk is directed to terminate these motions.  (Docs. 339, 345, 372, 376).  To the extent the parties' motions have been denied, the parties are directed to confer and then publicly file versions of the relevant documents that are consistent with all of the findings of this Order within 14 days of this Order.

Further, if a party proposes to use any currently redacted or sealed document at trial, it should so state in a submission to be filed 14 days before the resumption of the Final Pretrial Conference.  The party's submission should explain what countervailing factors outweigh the public's "strong presumption" of access to information introduced at trial.  Brown, 929 F.3d at 49. The submission should also detail proposed measures for maintaining the confidentiality of sealed information at trial as well as why these measures are lawful, citing examples where such measures have been utilized.  The Court notes that it is likely to deny any application to close a public courtroom or impose ongoing obligations on jurors, spectators, Court reporters, or Court personnel.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:  New York, New York
        May 5, 2020

# APPENDIX A:
## DOCUMENTS ENCOMPASSED BY VALASSIS'S SEALING MOTION (DOC. 339).

| DOCKET NUMBER | EXHIBIT (DECLARATION) | COURT DECISION | FINDING |
|---|---|---|---|
| 341-1 | Ex. 1 (Stein Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 341-2 | Ex. 2 (Stein Decl.) | Proposed redaction denied. | - |
| 341-3 | Ex. 3 (Stein Decl.) | Proposed redaction denied. | - |
| 341-4 | Ex. 4 (Stein Decl.) | Proposed redaction denied. | - |
| 341-5 | Ex. 5 (Stein Decl.) | Proposed redaction denied. | - |
| 341-6 | Ex. 6 (Stein Decl.) | Proposed redaction denied. | - |
| 341-7 | Ex. 7 (Stein Decl.) | Proposed redaction denied. | - |
| 341-8 | Ex. 8 (Stein Decl.) | Proposed redaction denied. | - |
| 341-9 | Ex. 9 (Stein Decl.) | Proposed redaction denied. | - |
| 341-10 | Ex. 10 (Stein Decl.) | Proposed redaction denied. | - |
| 341-11 | Ex. 11 (Stein Decl.) | Proposed redaction denied. | - |
| 341-12 | Ex. 12 (Stein Decl.) | Proposed redaction denied. | - |
| 341-13 | Ex. 13 (Stein Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 341-14 | Ex. 14 (Stein Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 341-15 | Ex. 15 (Stein Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 341-16 | Ex. 16 (Stein Decl.) | Proposed redaction denied. | - |
| 341-17 | Ex. 17 (Stein Decl.) | Proposed redaction denied. | - |
| 341-18 | Ex. 18 (Stein Decl.) | Proposed redaction denied. | - |
| 341-19 | Ex. 19 (Stein Decl.) | Proposed redaction denied. | - |
| 341-20 | Ex. 20 (Stein Decl.) | Proposed redaction denied. | - |
| 341-21 | Ex. 21 (Stein Decl.) | Proposed redaction denied. | - |
| 341-22 | Ex. 22 (Stein Decl.) | Proposed redaction approved. | Business secrecy. |

| DOCKET NUMBER | EXHIBIT (DECLARATION) | COURT DECISION | FINDING |
|---|---|---|---|
| 341-23 | Ex. 23 (Stein Decl.) | Proposed redaction approved. | Business secrecy. |
| 341-24 | Ex. 24 (Stein Decl.) | Proposed sealing approved. | Business secrecy and individual privacy. |
| 341-25 | Ex. 25 (Stein Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 341-26 | Ex. 26 (Stein Decl.) | Proposed redaction denied. | - |
| 341-27 | Ex. 27 (Stein Decl.) | Proposed redaction denied. | - |
| 341-28 | Ex. 28 (Stein Decl.) | Proposed redaction denied. | - |
| 341-29 | Ex. 29 (Stein Decl.) | Proposed redaction denied. | - |
| 341-30 | Ex. 30 (Stein Decl.) | Proposed redaction denied. | - |
| 341-31 | Ex. 31 (Stein Decl.) | Proposed redaction denied. | - |
| 341-32 | Ex. 32 (Stein Decl.) | Proposed redactions denied as to the information on slides 9 to 11 of the internal presentation, which relate to the ISP market.<br><br>Remaining proposed redactions reapproved. | -<br><br>Business secrecy. |
| 341-33 | Ex. 33 (Stein Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 341-34 | Ex. 34 (Stein Decl.) | Proposed redaction denied. | - |
| 341-35 | Ex. 35 (Stein Decl.) | Proposed redaction denied. | - |
| 341-36 | Ex. 36 (Stein Decl.) | Proposed redaction approved. | Business secrecy. |
| 341-37 | Ex. 37 (Stein Decl.) | Proposed redaction approved. | Business secrecy. |
| 341-38 | Ex. 38 (Stein Decl.) | Proposed redaction denied. | - |
| 341-39 | Ex. 39 (Stein Decl.) | Proposed redaction denied. | - |

### APPENDIX B:
### DOCUMENTS ENCOMPASSED BY NEWS'S SEALING MOTION (DOC. 345).

| DOCKET NUMBER | EXHIBIT (DECLARATION) | COURT DECISION | FINDING |
|---|---|---|---|
| 348-1 | Ex. 1 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 2 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 3 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 4 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 5 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 6 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 7 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 8 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 9 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 10 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 11 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 12 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 13 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 14 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 15 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 16 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 17 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 18 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 19 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 20 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 21 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 22 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |

| DOCKET NUMBER | EXHIBIT (DECLARATION) | COURT DECISION | FINDING |
|---|---|---|---|
| 348-1 | Ex. 23 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 24 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 25 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 26 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 27 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 28 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 29 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 30 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 31 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 32 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 33 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 34 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 35 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 36 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 37 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 38 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 39 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 40 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 41 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 42 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 43 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 44 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 45 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 46 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 47 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |

| DOCKET NUMBER | EXHIBIT (DECLARATION) | COURT DECISION | FINDING |
|---|---|---|---|
| 348-1 | Ex. 48 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 49 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 50 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 51 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 52 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 53 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 54 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 55 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 56 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 57 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 58 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 59 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 60 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 61 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 62 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 63 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 64 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 65 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 66 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 67 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 68 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 69 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 70 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 71 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 72 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |

| DOCKET NUMBER | EXHIBIT (DECLARATION) | COURT DECISION | FINDING |
|---|---|---|---|
| 348-1 | Ex. 73 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 74 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 75 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 76 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 77 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 78 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 79 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 80 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 81 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 82 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 83 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 84 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 85 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 86 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 87 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 88 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 89 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 90 (Tannenbaum Decl.) | Proposed redaction approved. | Individual privacy. |
| 348-1 | Ex. 91 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 92 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 93 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 94 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |
| 348-1 | Ex. 95 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy and individual privacy. |
| 348-1 | Ex. 96 (Tannenbaum Decl.) | Proposed redaction approved. | Business secrecy. |