UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| VALASSIS COMMUNICATIONS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEWS CORPORATION; NEWS AMERICA MARKETING, a/k/a NEWS AMERICA INCORPORATED, a/k/a NEWS AMERICA MARKETING GROUP, a/k/a NEWS AMERICA MARKETING FSI L.L.C., a/k/a NEWS AMERICA MARKETING FSI, INC.; and NEWS AMERICA MARKETING IN-STORE SERVICES L.L.C., a/k/a NEWS AMERICA MARKETING IN-STORE SERVICES, INC.,<br><br>Defendants. | Case No. 1:17-cv-07378-PKC |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR RECONSIDERATION OF
THE COURT'S APRIL 24, 2020 ORDER ON PLAINTIFF'S MOTION
TO SUPPLEMENT AND AMEND ITS EXPERT AND PRE-TRIAL DISCLOSURES**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................. 1

ARGUMENT .................................................................................................................................. 4

CONCLUSION ............................................................................................................................. 12

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Alaska Elec. Pension Fund* v. *Bank of Am. Corp.*,
   306 F. Supp. 3d 610 (S.D.N.Y. 2018)..................................................................................10

*In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*,
   263 F. Supp. 3d 446 (S.D.N.Y. 2017)..................................................................................7, 8

*Chrebet* v. *Cty. of Nassau*,
   2014 WL 1836835 (E.D.N.Y. May 8, 2014) ........................................................................10

*Schwab* v. *Philip Morris USA, Inc.*,
   2005 WL 2401647 (E.D.N.Y. Sept. 29, 2005) .......................................................................5

*Dependable Sales & Serv., Inc.* v. *TrueCar, Inc.*,
   394 F. Supp. 3d 368 (S.D.N.Y. 2019) ....................................................................................4

*Desir* v. *Austin*,
   2015 WL 4546625 (E.D.N.Y. July 28, 2015)........................................................................10

*Dig. Reg of Tex., LLC* v. *Adobe Sys., Inc.*,
   2014 WL 4090550 (N.D. Cal. Aug. 19, 2014) .......................................................................5

*Estate of Ratcliffe* v. *Pradera Realty Co.*,
   2007 WL 3084977 (S.D.N.Y. Oct. 19, 2007)........................................................................10

*Grochowski v. Phoenix Constr.*,
   318 F.3d 80 (2d Cir. 2003)....................................................................................................10

*Gullo* v. *City of N.Y.*,
   540 F. App'x 45 (2d Cir. 2013) ....................................................................................2, 5, 10

*Holmes* v. *Grubman*,
   568 F.3d 329 (2d Cir. 2009)....................................................................................................5

*F.D.I.C.* v. *Horn*,
   2015 WL 1611995 (E.D.N.Y. Apr. 8, 2015) ........................................................................10

*Kassner* v. *2nd Ave. Deli. Inc.*,
   496 F.3d 229 (2d Cir. 2007)...............................................................................................6, 10

*Lippe* v. *Bairnco Corp.*,
   249 F. Supp. 2d 357 (S.D.N.Y. 2003)................................................................................4, 11

*Lippe* v. *Bairnco Corp.*,
   99 F. App'x 274 (2d Cir. 2004) ..........................................................................................4, 11

*Marom* v. *City of N.Y.*,
    2016 WL 5900217 (S.D.N.Y. July 29, 2016) ..........................................................................4

*Mfon* v. *Cty. of Dutchess*,
    2017 WL 946303 (S.D.N.Y. Mar. 9, 2017) ............................................................................7

*Oppenheimer & Co. Inc.* v. *Metal Mgmt., Inc.*,
    2009 WL 2432729 (S.D.N.Y. July 31, 2009) ......................................................................10

*Otegbade* v. *N.Y.C. Admin. For Children Servs.*,
    2015 WL 851631 (S.D.N.Y. Feb. 27, 2015) .........................................................................9

*Parker* v. *Columbia Pictures Indus.*,
    204 F.3d 326 (2d Cir. 2000)............................................................................................ passim

*Perfect Pearl Co.* v. *Majestic Pearl & Stone, Inc.*,
    889 F. Supp. 2d 453 (S.D.N.Y. 2012)...................................................................................7

*Point Prods. A.G.* v. *Sony Music Entm't, Inc.*,
    2004 WL 345551 (S.D.N.Y. Feb. 23, 2004).........................................................................9

*Prescient Acquisition Grp., Inc.* v. *MJ Publ'g Trust*,
    2006 WL 2884402 (S.D.N.Y. Oct. 6, 2006).................................................................1, 7, 11

*Ritchie Risk-Linked Strategies Trading (Ire.), Ltd.* v. *Coventry First LLC*,
    282 F.R.D. 76 (S.D.N.Y. 2012) ......................................................................................7, 10

*Rmed Int'l, Inc.* v. *Sloan's Supermarkets, Inc.*,
    2002 WL 31780188 (S.D.N.Y. Dec. 11, 2002) ....................................................................5

*Shemendera* v. *First Niagara Bank N.A.*,
    288 F.R.D. 251 (W.D.N.Y. 2012)........................................................................................10

*Shrader* v. *CSX Transp., Inc.*,
    70 F.3d 255 (2d Cir. 1995)................................................................................................4, 9

*SIMO Holdings Inc.* v. *Hong Kong uCloudlink Network Tech. Ltd.*,
    2019 WL 1460753 (S.D.N.Y. Jan. 21, 2019) .......................................................................9

*Weisgram* v. *Marley Co.*,
    528 U.S. 440 (2000)..............................................................................................3, 8, 9, 12

**RULES**

Fed. R. Civ. P. 16................................................................................................................ passim

**PRELIMINARY STATEMENT**

Defendants respectfully move the Court to reconsider its April 24, 2020 Order (Dkt. 386) on the grounds that it overlooks controlling Second Circuit authority regarding the "good cause" requirement under Rule 16(b), constitutes a clear error of law, and affords relief that is unprecedented within this Circuit. We do not bring this motion lightly. If left undisturbed, the Order will result not only in an erroneous result in this case but also a problematic, discordant precedent within the Circuit that will undercut judicial efficiency and promote gamesmanship.

Valassis invited the errors that warrant reconsideration. In its reply brief, Valassis claimed that "courts have permitted experts to submit revised reports after adverse *Daubert* rulings." (Dkt. 383 at 7 n.3.) Yet, it failed to disclose that none of the cases it cited for that proposition involved a Rule 16(b) motion and that in fact no court in the Second Circuit has ever granted a motion like the one Valassis brought. To our knowledge, this Court's Order is the *first and only* time a court in the Second Circuit has granted a motion to amend an expert report under Rule 16(b) after granting a motion to exclude that report under *Daubert*.

Valassis also argued that diligence is "just one factor among many" in determining whether there is good cause for an amendment under Rule 16(b). (Dkt. 383 at 8.) That is wrong. As Your Honor has recognized, in the Second Circuit "a finding of good cause *depends on* the diligence of the moving party." *Prescient Acquisition Grp., Inc.* v. *MJ Publ'g Trust*, 2006 WL 2884402, at *3 (S.D.N.Y. Oct. 6, 2006) (Castel, J.) (emphasis added) (quoting *Parker* v. *Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)). And, as a matter of law, diligence cannot be established where the party seeking leave to amend was aware of all of the information before it submitted the prior expert report at issue. *See Parker*, 204 F.3d at 340–41 (affirming district court's denial of leave to amend due to lack of diligence where moving party

1

had "all of the information necessary to support" proposed amendment prior to the relevant deadline).  Here, Valassis admits that it was aware of every single piece of information underlying the most recent amendments to Levinsohn's report before submitting the original report and the revised report which the Court excluded, meaning that it had repeated opportunities to present the amended content before the relevant deadline, but simply did not do so.  Respectfully, the motion to amend to present a *third* report should have been denied on that basis.  *See id.*

This Court's Order ultimately made no finding under Rule 16(b) that Valassis had been diligent in seeking to amend Levinsohn's expert report.  Nor, for the reason just noted, were there facts in the record to support such a finding.  Instead, at Valassis's invitation, the Court's Order conflated the issues of good cause and prejudice.  (Dkt. 386 at 3.)  The Court cited "the newly extended schedule" for trial in this case due to the COVID-19 pandemic as a reason for finding both good cause and a "substantial mitigation of any prejudice to News" from the amendment of Levinsohn's report.  (*Id.*)  But Valassis did not and could not contend that the emergence of the COVID-19 pandemic played any *post hoc* role in its delay in seeking to amend its expert report.  In other words, the pandemic in no way justifies Valassis's failure to present a viable expert report twice before the pandemic arose or establishes that Valassis was diligent in presenting a third report.  And even a total absence of prejudice could not substitute for the diligence required under Rule 16(b).  *See, e.g.*, *Gullo* v. *City of N.Y.*, 540 F. App'x 45, 47 (2d Cir. 2013) ("That defendants suffered no prejudice does not change the fact that plaintiff[] failed to pursue amendment with diligence.").

We also respectfully submit that this should not be the case in which the Court breaks new ground by excusing a party's failure to meet the diligence requirement for good

cause under Rule 16(b). Valassis asserted that its good cause was grounded in it assiduously following Court instructions with respect to how to fix Levinsohn's report. This is not a substitute for diligence, nor did it happen. The Court warned Valassis at summary judgment that it needed to remove the effect of NAM's lawful retailer commissions from Levinsohn's damages calculations, but it deliberately chose not to do so. The Court found, instead, that Valassis "doubled down" and "repackaged its failed theory" as part of a "calculated tactical decision." (Dkt. 368 at 2.) After the Court granted Defendants' motion to exclude the revised report, Valassis continued to advocate for its legally defective approach in a motion for reconsideration. Only after that motion was denied did Valassis propose the current amendments, while conceding that all along it had the information necessary for them.

Overlooking Valassis's lack of diligence on this fact pattern is problematic because it not only contravenes controlling law, but also undercuts judicial efficiency and invites gamesmanship. Defendants do not seek to preclude Valassis's proposed amendment based on a mere technicality;[1] rather, this issue goes to the integrity of the judicial process. The United States Supreme Court has stated that, under *Daubert*, parties must not assume they can "initially present less than their best expert evidence in the expectation of a second chance should their first try fail." *Weisgram* v. *Marley Co.*, 528 U.S. 440, 455–56 (2000). Yet, if this Court's Order were to stand, it is entirely predictable that parties will do just that and motions like Valassis's will proliferate in the Southern District and the Second Circuit. The diligence requirement, moreover, would be reduced to a nullity: if Valassis were found to have been diligent, or simply

---

[1] A denial of Valassis's motion to amend may have a significant effect on its case. But, having made a tactical decision based on its assessment of the relative risks and rewards of presenting and doubling down (twice) on Levinsohn's original, inflated and inadmissible damages report, Valassis should not be permitted to suggest that the Court's ruling excluding Levinsohn's report is the cause of any alleged injustice. As noted below, had this issue arisen in the context of a Rule 50 motion rather than *Daubert* (as it easily could have), no one would suggest that Valassis was entitled to two or three chances to present its case.

3

absolved of demonstrating diligence, *on these facts* (after a "calculated tactical decision" by Valassis to stand pat with a legally defective expert report), then virtually any litigant could argue that it, too, should be allowed to amend its expert report after an adverse *Daubert* ruling so long as there is at least some time remaining before trial.  District courts thus may increasingly be confronted with parties that overreach with their experts the first (and even second) time around, believing that an adverse ruling under *Daubert* will serve merely as the opening bid in a process by which aggressive and inadmissible expert opinions are pared back in order to make it to a jury.  As the court in *Lippe*, after citing *Weisgram*, observed: "That is not the way our system of justice works."  *Lippe* v. *Bairnco Corp.*, 249 F. Supp. 2d 357, 386 (S.D.N.Y. 2003), *aff'd*, 99 F. App'x 274, 280 (2d Cir. 2004) ("[F]airness does not require that a plaintiff . . . be afforded a second chance to marshal other expert opinions and shore up his case," after losing a *Daubert* motion. (quotation marks omitted)).

## ARGUMENT

A district court may grant relief from an order "to correct a clear error or prevent manifest injustice."  *Marom* v. *City of N.Y.*, 2016 WL 5900217, at *1 (S.D.N.Y. July 29, 2016) (Castel, J.) (quoting *Kolel Beth Yechiel Mechil of Tartikov Inc.* v. *YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)).  A motion for reconsideration should be granted where the movant "'point[s] to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'"  *Id.* (quoting *Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Dependable Sales & Serv., Inc.* v. *TrueCar, Inc.*, 394 F. Supp. 3d 368, 371–72 (S.D.N.Y. 2019) (Castel, J.) (granting motion for reconsideration after re-examining controlling authority).  As indicated above, this Court's Order is both unprecedented and contrary to controlling law.

4

Valassis obscured the unprecedented nature of the relief it was seeking by citing to inapposite cases and mischaracterizing Second Circuit law. Valassis claimed in its reply brief that "courts have permitted experts to submit revised reports after adverse *Daubert* rulings." (Dkt. 383 at 7 n.3; *see also* Dkt. 370 at 15 n.17.) But none of the cases Valassis cited involved a Rule 16(b) motion to amend an expert report, let alone after that report was excluded under *Daubert*. *Schwab* v. *Philip Morris USA, Inc.* was a "preliminary *Daubert* opinion" in a case where expert discovery was ongoing, and Judge Weinstein (not ruling on a Rule 16(b) motion or considering any of the Rule 16(b) factors) permitted revision of an expert report while noting that he would "reconsider the *Daubert* issue" later on. 2005 WL 2401647, at *4 (E.D.N.Y. Sept. 29, 2005). *Rmed Int'l, Inc.* v. *Sloan's Supermarkets, Inc.* did not involve a *Daubert* ruling or a Rule 16(b) motion. There, the court denied a motion *in limine* to preclude a rebuttal expert report as untimely under Rule 26(a)(2)(c) because it was not served within 30 days of the report it rebutted. 2002 WL 31780188, at *3 (S.D.N.Y. Dec. 11, 2002). All of the other cases Valassis cited are patent cases from outside the Second Circuit, where courts did *not* apply Rule 16(b) and permitted straightforward amendment of discrete defects in plaintiffs' *statutorily mandated* reasonable royalty calculations as part of their *Daubert* rulings.[2]

Valassis then swept under the rug its failure to demonstrate diligence, even though that is the key legal issue on which a Rule 16(b) motion must rise or fall. Second Circuit precedent is clear that "a finding of good cause depends on the diligence of the moving party." *Parker*, 204 F.3d at 340; *Gullo*, 540 F. App'x at 47 ("a finding of good cause depends on the diligence of the moving party"); *Holmes* v. *Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009)

---

[2] *See, e.g.*, *Dig. Reg of Tex., LLC* v. *Adobe Sys., Inc.*, 2014 WL 4090550, at *4 (N.D. Cal. Aug. 19, 2014) ("Because upon a finding of infringement, Digital Reg is entitled to 'in no event less than a reasonable royalty for the use made by the invention by the infringer,' the Court will permit Mr. Parr to submit a revised damages report curing only the problems identified in this order. . . ." (quoting 35 U.S.C. § 284)).

5

("Whether good cause exists turns on the diligence of the moving party."); *see also* Fed. R. Civ. P. 16(b) adv. comm. n. ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). Yet, Valassis's moving papers failed even to mention diligence. And on reply, Valassis invited the Court to apply an erroneous legal standard by calling diligence "just one factor among many" that the Court could consider. (Dkt. 383 at 8.) *Kassner*, the sole case on which Valassis relied for that proposition, actually reaffirms the primacy of the diligence inquiry under Rule 16(b). *See* 496 F.3d 229, 244 (2d Cir. 2007) ("According to the principles we discussed in *Parker*, 204 F.3d at 330–40, the primary consideration is whether the moving party can demonstrate diligence.").

Defendants did not have the opportunity to correct these mischaracterizations at oral argument because the Court instructed the parties to focus only on futility.

The Court's Order then considered "Good Cause and Prejudice" together, and found that there was "substantial mitigation of any prejudice to Defendants in light of the indefinite adjournment of the June 1, 2020 trial date by the recent district-wide Standing Orders." (Dkt. 386 at 3.) The Court also found that Valassis demonstrated good cause to amend Levinsohn's report because of "the newly extended [trial] schedule due to aforementioned Standing Orders," in addition to the "importance of this damages testimony to Valassis's case, as well as the preference for adjudications on the merits." (*Id*.) That conclusion overlooked controlling Second Circuit authority, and was erroneous, for two reasons.

*First*, the Court failed to make any finding regarding Valassis's diligence, even though a determination of good cause "depends on" it. Nor was there any basis in the record to support a finding that Valassis actually was diligent. It is undisputed that all of the information

6

underlying Levinsohn's new report was known to Valassis well in advance of the date for original expert reports and the April 2019 deadline to amend set by the Court after summary judgment. Levinsohn admitted that in his latest report: "I rely only on data that News' experts or I have already used or otherwise had available to us." (Dkt. 371-1 at 2; *see* Dkt. 370 at 14 (Valassis conceding that Levinsohn's latest report "provide[s] calculations based on the same model" and inputs that Levinsohn "has always testified about," referring "only to evidence and opinions *already in the record*.").)

A party cannot establish diligence as a matter of law when, as here, it knew of the information underlying the proposed amendment before the relevant deadline. *See Parker*, 204 F.3d at 341 (affirming denial of leave to amend because plaintiff "had all the information necessary to support" its proposed amendment well in advance of the relevant deadline); *Ritchie Risk-Linked Strategies Trading (Ire.), Ltd.* v. *Coventry First LLC*, 282 F.R.D. 76, 79–80 (S.D.N.Y. 2012) ("Plaintiffs cannot succeed in demonstrating their diligence—and thus good cause for amending the scheduling order—if they knew or should have known" the information underlying the amendment); *Perfect Pearl Co.* v. *Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) ("A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline.") (internal quotation marks omitted). Put differently, "[t]his is not a circumstance in which a new fact" has emerged "that could not have been anticipated." *Prescient*, 2006 WL 2884402, at *3 (Castel, J.).[3]

---

[3] This principle is consistent with Rule 26(e)'s requirement that supplementation of expert disclosures is only proper where "the expert subsequently learns of information that was previously unknown or unavailable, that renders information previously provided in an initial report inaccurate or misleading because it was incomplete." *Mfon* v. *Cty. of Dutchess*, 2017 WL 946303, at *5 (S.D.N.Y. Mar. 9, 2017), *aff'd*, 722 F. App'x 46 (2d Cir. 2018). An adverse *Daubert* ruling, moreover, "does not render" an expert report "merely 'incorrect' within the meaning of Rule 26(e)," or provide a basis to supplement under that Rule. *In re Bear Stearns Cos., Inc. Sec., Derivative, & ERISA Litig.*, 263 F. Supp. 3d 446, 451–52 (S.D.N.Y. 2017). "If an expert's report does not rely [on] any

It is no answer for Valassis to say that the expert testimony at issue is important to its case, or even that it honestly thought it was doing the right thing before the Court issued its *Daubert* ruling. The importance of Levinsohn's testimony to Valassis's case is itself the result of Valassis's litigation tactics—specifically, its choice to rely on Levinsohn's opinions alone to prove damages and not to present an alternative even when it knew Defendants were challenging those opinions under *Daubert*. "A litigant's failure to buttress its position because of confidence in the strength of that position is always indulged in at the litigant's own risk." *Weisgram*, 528 U.S. at 456; *see also In re Bear Stearns*, 263 F. Supp. 3d at 453 ("Courts have excluded improper evidence despite its importance, and this Court must do so here.").

As for Valassis's claim that it was diligent because it "has always sought to comply with the law's commands and this Court's instructions" (Dkt. 383 at 8), that is both legally irrelevant and not true. The relevant issue under the Rule, as set forth above, is whether Valassis had the information necessary to make the amendments it now proposes before the deadline from which it seeks relief—and, by its own admission, it did. Its failure to do so, moreover, was not because of any lack of opportunity: the Court extended a "generous invitation to Valassis for a do-over on its expert report" after summary judgment. (Dkt. 368 at 2.) Nor was that failure an accident or the result of some minor flaw in the expert's methodology. Rather, the Court found it "was, indeed, a calculated tactical decision" to present, twice, a damages model that sought hundreds of millions of dollars in recovery for the impact of lawful competition (*id.*), an approach that defies substantive antitrust law and poses what the Supreme Court and this Court have recognized to be intolerable risk of chilling procompetitive conduct.

---

information that was previously unknown or unavailable to him, it is not an appropriate supplemental report under Rule 26." *Id.* at 452 (internal quotation marks omitted).

A finding of diligence in these circumstances would swallow the rule and would invite and, indeed, reward gamesmanship by litigants. Plaintiffs would be encouraged to shoot for the moon in their initial expert reports and pare them back only if forced to do so by a court. Defendants, meanwhile, would be penalized for challenging inadmissible expert testimony in a pre-trial *Daubert* motion rather than presenting the same arguments at or even after trial, for example, in a Rule 50 motion. *See Point Prods. A.G.* v. *Sony Music Entm't, Inc.*, 2004 WL 345551, at *13 (S.D.N.Y. Feb. 23, 2004) (excluding plaintiff's damages expert testimony and denying continuance; observing, "[t]o fully appreciate the consequences of accepting [plaintiff's] argument, we simply postulate a litigation strategy in which [defendant] did not make an *in limine* motion directed to the admissibility of Churchill's report but instead held back until trial. Surely [plaintiff] could not contend that it was entitled to a continuance to prop up his expert once his cross-examination proceeded along the lines of [defendant's] *Daubert* exclusion motion."); *cf. Weisgram*, 528 U.S. at 456 (affirming entry of judgment as a matter of law for defendant as a result of plaintiff's expert testimony having been found inadmissible post-trial). Either way, the efficiency and integrity of the judicial process would suffer materially.

For those reasons, Valassis's failure to demonstrate diligence should have resulted in denial of leave to amend. *Parker*, 204 F.3d at 340; *see, e.g.*, *SIMO Holdings Inc.* v. *Hong Kong uCloudlink Network Tech. Ltd.*, 2019 WL 1460753, at *1 (S.D.N.Y. Jan. 22, 2019) (denying motion for leave to amend based solely on party's lack of diligence under Rule 16(b), citing *Parker*); *Otegbade* v. *N.Y.C. Admin. For Children Servs.*, 2015 WL 851631, at *3–4 (S.D.N.Y. Feb. 27, 2015) (same). Had the Court determined Valassis's diligence as required under *Parker*, it necessarily would have reached a different conclusion. That alone warrants reconsideration. *See Shrader*, 70 F.3d at 257.

*Second*, the Court erred by substituting its prejudice finding for the mandatory diligence inquiry. Second Circuit precedent makes clear that prejudice is an "additional" factor—*i.e.*, a factor in addition to diligence—that courts can consider under Rule 16(b). *See Kassner*, 496 F.3d at 244.[4] That is why even an absence of prejudice to the non-movant is insufficient to establish good cause under Rule 16(b). *See Gullo*, 540 F. App'x at 47 ("That defendants suffered no prejudice does not change the fact that plaintiffs failed to pursue amendment with diligence . . . . [T]he absence of prejudice alone does not constitute good cause under Rule 16."); *Alaska Elec. Pension Fund* v. *Bank of Am. Corp.*, 306 F. Supp. 3d 610, 626–27 & n.8 (S.D.N.Y. 2018) ("Having failed to demonstrate that they were diligent in their efforts to meet the Court's deadline, Plaintiffs cannot amend their Complaint again . . . . Given the foregoing, it is immaterial whether [defendants] could establish prejudice." (citing *Gullo*)); *Ritchie*, 282 F.R.D. at 79 n.2 ("The absence of prejudice to the non-movant in and of itself, however, is insufficient to satisfy the Rule 16(b)(4) standard. . . . Here, because Plaintiffs cannot establish that they acted with diligence, the Court need not consider the extent to which Defendants may or may not be prejudiced by an extension of the expert discovery schedule.").[5]

---

[4] Furthermore, *Kassner* involved a motion for leave to untimely amend a complaint for the first time. 496 F.3d at 243–44. In such cases, "the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski* v. *Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003); *see Kassner*, 496 F.3d at 243. Rule 15(a), however, has nothing to do with the analysis here, as Valassis's motion does not involve a pleading. Thus, no "balancing" is necessary. And, under Rule 16(b), "[a] finding of good cause depends on the diligence of the moving party." *Grochowski*, 318 F.3d at 86 (citing *Parker*, 204 F.3d at 340). As another court in this District put it: "[T]o allow the lack of prejudice to trump [the movant's] lack of good cause would be to ignore the important distinction between Rules 15(a) and 16(b)." *Oppenheimer & Co. Inc.* v. *Metal Mgmt., Inc.*, 2009 WL 2432729, at *4 (S.D.N.Y. July 31, 2009) (citing *Parker*, 204 F.3d at 340), *aff'd*, 2010 WL 743793 (S.D.N.Y. Mar. 2, 2010).

[5] *See also F.D.I.C.* v. *Horn*, 2015 WL 1611995, at *14 (E.D.N.Y. Apr. 8, 2015) ("Ultimately, however, the absence of prejudice alone is insufficient for a finding of good cause under Rule 16(b)." (quotation marks omitted)); *Desir* v. *Austin*, 2015 WL 4546625, at *3 (E.D.N.Y. July 28, 2015) ("Moreover, even if the potential for delay and increased costs did not cause prejudice to the nonmoving parties, a lack of prejudice is not a substitute for the moving party's obligation to demonstrate its own diligence and thereby establish good cause for a modification."); *Chrebet* v. *Cty. of Nassau*, 2014 WL 1836835, at *16 (E.D.N.Y. May 8, 2014) ("[T]he absence of prejudice alone is insufficient for

The Court's Order overlooked these authorities when it found there was good cause based on "the newly extended schedule" due to recent district-wide Standing Orders, without having found (and without any basis to find) that Valassis had been diligent. (Dkt. 386 at 3.) Respectfully, the extended schedule and "indefinite adjournment" of trial in this case do not relate in any way to Valassis's diligence. To the extent those considerations are relevant, they are relevant only to prejudice. And, indeed, the Court based its separate prejudice finding on the same consideration. (*See id*.) As discussed above, the Court should not have based a finding of good cause on, and did not need to reach, the additional factor of prejudice, given Valassis's failure to establish diligence. *Cf. Prescient*, 2006 WL 2884402, at *3 (Castel, J.) (finding no need to address the question of futility where movant failed to show diligence).

To be clear, Defendants will be substantially prejudiced by the amendment to Levinsohn's report. Rule 16(b) "is designed to offer a measure of certainty in pretrial proceedings." *Parker*, 204 F.3d at 340. Yet, as a result of Valassis's amendment, Defendants will have to conduct expert discovery for the *third* time in this case. The adjournment of the June 1 trial date due to COVID-19 does not mitigate the "additional work and expense" that Defendants will incur in that process. *Lippe*, 249 F. Supp. 2d at 386. Nor does the change in trial schedule address the fundamental unfairness to Defendants of having "to go through the process again . . . solely because plaintiff made some ill-advised tactical choices and refused to adjust when it was apparent that it should." *Id*.[6] As a matter of judicial efficiency, defendants

---

a finding of good cause under Rule 16(b)."); *Shemendera* v. *First Niagara Bank N.A.*, 288 F.R.D. 251, 288 (W.D.N.Y. 2012) ("Kassner does not excuse the moving party from having to demonstrate diligence in order to show 'good cause.'"); *Estate of Ratcliffe* v. *Pradera Realty Co.*, 2007 WL 3084977, at *1 (S.D.N.Y. Oct. 19, 2007) ("[T]he absence of prejudice to a non-moving party . . . does not fulfill the good cause requirement of Rule 16(b)").

[6] On reply, Valassis dismissed *Lippe* in a footnote as a case where the party "was seeking to disclose an entirely new expert." (Dkt. 383 at 9 n.5.) But that is only partially true, and was not the only basis for the court's ruling. Judge Chin said he would not allow a new expert, Ryan, to be used in place of the excluded experts, nor would he permit a prior expert, Tersigni, to file a "supplemental" report. *See* 249 F. Supp. 2d at 386. Regardless of whether it is a new expert or an existing expert, the point remains the same: plaintiffs who had "years"—"more than a full and fair

11

should not be encouraged to wait to raise fatal problems with expert testimony only at trial, rather than on a *Daubert* motion, to ensure plaintiffs do not get two or three chances to present legally sufficient expert testimony. But these are just additional reasons why Valassis's motion should have been denied. While the Court did not need to reach them, as noted above, the prejudice inherent in allowing a party to amend its expert report after an adverse *Daubert* ruling, identified in *Lippe*, helps to further illuminate why no court in the Circuit has ever granted this type of motion, in these circumstances, before.

## CONCLUSION

Valassis already had one "do-over" on its expert report. If, on this record, Valassis is given a pass on Rule 16(b)'s diligence requirement, then any number of other plaintiffs throughout this District and Circuit may be encouraged to engage in just the sort of gamesmanship that the Supreme Court warned against in *Weisgram*: submit an inflated and inadmissible expert damages model and put the parties (and the Court) through the hard work of rooting out the legal errors in that model, on the assumption that they can simply amend before trial if the calculation is excluded. 528 U.S. at 455–56. Defendants respectfully request that the Court reconsider its April 24th Order.

---

opportunity"—to supplement their expert testimony are not entitled to a second chance after their expert's testimony is excluded under *Daubert* to "marshal other expert opinions and shore up [their] case." *Id.* As the Second Circuit observed: "plaintiffs had a full and fair opportunity to develop and defend their choice of experts. That they failed in this endeavor does not entitle them to begin anew." *Lippe*, 99 F. App'x at 280.

Dated: May 8, 2020               PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: /s/ Kenneth A. Gallo
Kenneth A. Gallo (kgallo@paulweiss.com)
Jane B. O'Brien (jobrien@paulweiss.com)
2001 K Street, NW
Washington, D.C. 20006-1047
(202) 223-7300

William B. Michael (wmichael@paulweiss.com)
Brette Tannenbaum (btannenbaum@paulweiss.com)
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000