UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
VALASSIS COMMUNICATIONS, INC.,

                      Plaintiff,                      17-cv-7378 (PKC)

       -against-                                   ORDER

NEWS CORPORATION, et al.,

                      Defendants.
-----------------------------------------------------------------x

CASTEL, U.S.D.J.

       The Court has considered defendants' motion to reconsider (Docs 390, 391) the Court's April 24, 2020 Order granting plaintiff's application to supplement and amend its expert disclosures (Doc 386), plaintiff's opposition (Doc 426), defendants' reply (Doc 427), defendants' letter of June 24 (Doc 429) and plaintiff's July 2 response to the June 24 letter (Doc 433) and defendants' further response.  (Doc 437.)

       In the Court's ruling on the summary judgment motion, this Court dismissed plaintiff's standalone predatory pricing claim under section 2 of the Sherman Act (Count II) but found that a reasonable trier of fact could find that plaintiff suffered antitrust injury as a result of the other alleged anticompetitive conduct.  It also ruled that the application of the price-cost test precluded consideration of defendants' retailer commissions as part of a "monopoly broth" of conduct.  The Court wrote at the time: "Whatever modifications [plaintiff's expert] needs to make to the model in order to remove the effect of News's retailer commissions is a matter that the Court can address in the future in conjunction with the parties." (Opinion & Order of Feb. 21, 2019, at 28; Doc 260.)

A schedule was set for "adjusted damage calculations" by plaintiff's expert. The schedule began with plaintiff serving the expert's adjustments by April 8, 2019 and ended with July 9, 2019 as the date for plaintiff to depose defendants' experts on its rebuttal. (Order of Mar. 8, 2019; Doc 268.) Upon completion of that schedule, defendants attempted to file a renewed summary judgment motion which the Court rejected and instead set a schedule on motions *in limine* with briefing on the motions closed by October 31, 2019. (Order of July 16, 2019; Doc 283).

A Final Pre-Trial Conference was held on December 20, 2019 at which the Court granted the defendants' motion to exclude plaintiff's expert from testifying on the basis of a disclosure that continued to fail to disaggregate the effect of defendants' lawful pricing. (Doc 360.) On January 3, 2020, plaintiff moved for the Court to reconsider its ruling or for clarification. Given the intervening year-end holidays, this was diligent pursuit of the issue. The Court on February 6, 2020 denied the motion but noted that the plaintiff was free, if it chose, to move to modify or supplement its expert's disclosure. (Doc 368.) Plaintiff filed such a motion on February 21, 2020, 15 days after the Court's Order, annexing a supplemental and amended declaration of its expert and supplemental disclosures under Rule 26(a), Fed. R. Civ. P. Again, this was reasonably diligent.

On April 24, 2020, the Court issued its six-page Order granting plaintiff leave to supplement and amend its expert disclosure. (Doc 386.) It is that ruling that is the subject of the present motion to reconsider. Contrary to defendants' claim, the Court did not overlook the "good cause" requirement; it found the question of "good cause" to be a "close call" but that plaintiff had satisfied the standard.[1] The Court also explained why it concluded the proposed amended report

---

[1] There is no basis for defendants' assertion that the Court must not have been aware of or otherwise overlooked the "good cause" requirement of Rule 16(b)(4), Fed. R. Civ. P.

satisfies the disaggregation requirement and otherwise satisfies the methodological reliability standard of Daubert.  The Court gave defendants the opportunity to further examine plaintiff's expert within 60 days of the Order and to supplement its own expert report 30 days after the completion of the further examination.

The focus of defendants' argument is not on prejudice to them but on plaintiff's lack of diligence.  Defendants assert that plaintiff could have submitted an expert's disclosure that disaggregated the effect of defendants' lawful pricing at an earlier juncture but failed to do so and hence was not diligent.  Despite the length and scope of the briefing, there is nothing material that was not known and considered by the Court before issuance of the April 24, 2020 Order.  While plaintiff's tactical decision not to disaggregate the effect of defendant's pricing from the disclosure made on April 8, 2019 lies at the heart of the claim of lack of diligence, it is, as the Court previously noted, a "close call" but based on the record as a whole, the Court adheres to its prior ruling.

The Court also has considered the attack on plaintiff's expert based upon his supplemental deposition testimony.  It does not rise to the level of a basis to exclude the testimony. Defendants will have ample opportunity to cross-examine and present their own expert.

Defendants' motion to reconsider (Doc 390) is DENIED.  Letter motion (Doc 437) is terminated as moot.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 23, 2020

4